**The STATE of Ohio, Appellee,**

v.

**DOCKERY, Appellant.**

[Cite as *State v. Dockery*, 187 Ohio App.3d 798, 2010-Ohio-2365.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–090345, C–090346.

Decided May 28, 2010.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

Timothy J. McKenna, for appellant.

---

CUNNINGHAM, Presiding Judge.

{¶ 1} Defendant-appellant, Robert Dockery, pleaded guilty to trafficking in cocaine in case Nos. B–0709125 and B–0710693. According to the journal entry of June 13, 2008, the trial court sentenced him to community control for these offenses and warned Dockery that he would receive 18 months in prison for each offense if he violated the terms of his community control. These terms included general and special conditions, such as neighborhood direct supervision, obtaining and maintaining employment, drug treatment, and the payment of fines, court costs, and public-defender fees.

{¶ 2} Dockery was arrested and detained in July 2008 for a robbery. His probation officer filed a notice of an alleged violation of community control in each case. The trial court appointed counsel to represent Dockery due to Dockery's indigency.

{¶ 3} Dockery was found to have violated the terms of his community control, but the trial court restored him to community control in both cases on September 25, 2008. According to the journal entry, the trial court again warned Dockery that it would impose a prison term of 18 months in each case for a community-control violation.

{¶ 4} In early December 2008, Dockery's probation officer filed another notice of an alleged violation of community control, advising Dockery that he had been accused of violating Rules 2, 4, and 10 of the conditions of his community control. The court again appointed counsel to represent Dockery due to his indigency.

{¶ 5} The probation officer abandoned the Rule 2 violation—failure to obey all laws—because the alleged violation involved a grand-jury indictment for drug offenses that the trial court had dismissed for want of prosecution before the community-control-violation hearing.

{¶ 6} At the community-control-violation hearing, Dockery's probation officer testified and identified for the court a document containing the community-control terms for both cases that he had reviewed with Dockery, and that Dockery had signed, when Dockery had been reinstated to community control. Rule 4 provided: "I will not illegally obtain or use controlled substances. I will consent to medical tests to determine if I have violated this rule * * *." Rule 10 provided: "I will meet my financial obligations to probation * * *. I will pay $40.00 per month for 43 months." The following amounts were listed: $1,703.50, for the estimated total owed; $900, for probation fees; $250, for fines; and $553.50, for costs. No amount was given for restitution.

{¶ 7} Dockery's probation officer testified that Dockery had violated Rule 4 by testing positive for alcohol during a random alcohol and drug screen. And he further testified that Dockery had violated Rule 10 because he had failed to make any payments toward his financial obligations. On cross-examination, the probation officer acknowledged that Dockery had not been instructed on what day of the month to make a payment. Further, the probation officer testified that he could not recall if he had provided Dockery with information about performing community service to meet part of his financial obligations.

{¶ 8} The trial court found that Dockery had violated the terms of his community control for failing to comply with Rules 4 and 10. Dockery addressed the court in mitigation and claimed that he did not have any money to pay the financial obligations. According to Dockery, he had been unable to secure employment for more than a few days at a temporary agency, despite his best efforts, and he had borrowed money from his mother. Further, he claimed to have paid $20 of his $400 monthly child-support obligation to avoid a capias. He also indicated that he had been making monthly payments to the probation and parole departments. Without inquiring further into the failure to pay or the appropriateness of other punishment, the trial court revoked Dockery's community control in both cases and imposed a sentence of consecutive 18–month terms of incarceration. Additionally, the court imposed an obligation to pay court costs but remitted the fines in the cases.

{¶ 9} Dockery raises three assignments of error on appeal. In his third assignment of error, which we address first, Dockery challenges the trial court's revocation of his community control.

{¶ 10} Community-control-revocation proceedings require a minimal threshold of due process.[1] A community-control-revocation hearing, like a parole-revocation hearing, is not a stage of the criminal prosecution but is "an informal hearing structured to assure that the findings of a [community-control] violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the [probationer's] behavior."[2] A trial court cannot revoke community control without first making a finding supported by substantial evidence that the defendant has not complied with his community-control conditions.[3]

1. *State v. Miller* (1975), 42 Ohio St.2d 102, 104, 71 O.O.2d 74, 326 N.E.2d 259, citing *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656.

2. *Morrissey v. Brewer* (1972), 408 U.S. 471, 484, 92 S.Ct. 2593, 33 L.Ed.2d 484; see *Gagnon.*

3. See *State v. Delaney* (1984), 11 Ohio St.3d 231, 236, 11 OBR 545, 465 N.E.2d 72; *State v. Dunaway*, 1st Dist. No. C–010518, 2002-Ohio-3290, 2002 WL 1391029, at ¶ 19; *State v. Mingua* (1974), 42 Ohio App.2d 35, 40, 327 N.E.2d 791. See also R.C. 2929.15(B).

{¶ 11} In this case, the trial court revoked Dockery's community control after finding that Dockery had tested positive for alcohol in violation of Rule 4. But Rule 4 did not ban Dockery's use of alcohol; rather, it banned his use or illegal acquisition of controlled substances. Alcohol is not classified as a controlled substance under Ohio law.[4] Further, Dockery's probation officer did not present any evidence that abstention from alcohol was a condition of Dockery's community control. Thus, Dockery's positive alcohol test did not violate the terms of his community control, and the trial court could not have lawfully revoked his community control on this basis.[5]

{¶ 12} The trial court also based the revocation of community control on a finding that Dockery had failed to pay any of the fines and the court costs that the trial court had imposed as financial conditions of his community control. Dockery does not challenge this finding.

{¶ 13} Generally, once the court has found that a community-control violation exists, the court has discretion to revoke community control,[6] and this court will not disturb that decision absent an abuse of that discretion.[7] Dockery argues, however, that his failure to pay was not willful, and that the court could not have revoked his community control for a nonwillful failure to meet the financial conditions.

{¶ 14} A defendant's poverty does not shield him from punishment.[8] But in *State v. Douthard*, this court held that to revoke a defendant's community control simply for the nonpayment of court costs and fees, the defendant's "failure must have been willful and not the result of indigence." [9] We cited the United States Supreme Court's decision in *Bearden v. Georgia.*[10] The *Bearden* court held that depriving a probationer "of his conditional freedom simply

---

4. See R.C. 3719.01(C) and 3719.41.

5. See *Columbus v. Beuthin* (1996), 108 Ohio App.3d 651, 654, 671 N.E.2d 587.

6. See R.C. 2929.15(B); *Dunaway*, 2002-Ohio-3290, 2002 WL 1391029, ¶ 19; *State v. Brandon*, 2d Dist. No. 23336, 2010-Ohio-1902, 2010 WL 1731773.

7. *Dunaway*, 2002-Ohio-3290, 2002 WL 1391029, ¶ 22.

8. *Williams v. Illinois* (1970), 399 U.S. 235, 243, 90 S.Ct. 2018, 26 L.Ed.2d 586; *Bearden v. Georgia* (1983), 461 U.S. 660, 674, 103 S.Ct. 2064, 76 L.Ed.2d 221.

9. *State v. Douthard* (June 29, 2001), 1st Dist. Nos. C–000354 and C–000355, 2001 WL 725415. See also *State v. Walden* (1988), 54 Ohio App.3d 160, 561 N.E.2d 995.

10. *Bearden v. Georgia* (1983), 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221.

because, through no fault of his own, he cannot pay the fine" would be "contrary to the fundamental fairness required by the Fourteenth Amendment."[11]

■ {¶ 15} To avoid the constitutional violation addressed in *Bearden,* "a sentencing court must inquire into the reasons for the failure to pay" before revoking community control on that basis.[12] If a probationer has willfully refused to pay the fine when he has the means to pay or has failed to make sufficient bona fide efforts such as seeking employment or borrowing money to acquire the resources to pay, the court may revoke community control and sentence the defendant to imprisonment within the authorized range of its sentencing authority.[13] Conversely, if the probationer cannot pay despite sufficient bona fide efforts to acquire resources to do so, the court must consider means of punishment other than imprisonment.[14] Only if these alternative means of punishment such as labor or public service in lieu of the fine are not adequate to meet the state's interest in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay.[15]

■ {¶ 16} As required by *Bearden,* "a sentencing court can not properly revoke a defendant's probation for failure to pay a fine or make restitution absent evidence and findings that [the defendant] was somehow responsible for the failure or that alternative forms of punishment were inadequate to meet the [s]tate's interest in punishment and deterrence."[16]

{¶ 17} In this case, Dockery claimed that he was unable to pay, and the court did not have before it sufficient evidence to make the findings required by *Bearden.* Because of this, we reverse the trial court's judgment revoking community control, and we remand the case for an evidentiary hearing so that the court may make findings as to whether Dockery's failure to pay was willful or whether alternative forms of punishment are inadequate to meet the state's interest in punishment and deterrence.[17]

---

11. Id. at 672–673, 103 S.Ct. 2064, 76 L.Ed.2d 221.

12. Id. at 672, 103 S.Ct. 2064, 76 L.Ed.2d 221.

13. Id. at 668, 103 S.Ct. 2064, 76 L.Ed.2d 221.

14. Id.

15. Id. at 668 and 672, 103 S.Ct. 2064, 76 L.Ed.2d 221.

16. Id. at 660, 103 S.Ct. 2064, 76 L.Ed.2d 221.

17. See id.; *State v. Richardson,* 2d Dist. No. 21113, 2006-Ohio-4015, 2006 WL 2219683, ¶ 33.

{¶ 18} Accordingly, we sustain the third assignment of error, reverse the trial court's judgment revoking community control, and remand the case for a hearing in accordance with *Bearden* and for further proceedings in accordance with law.

{¶ 19} Our resolution of the third assignment of error renders moot the first and second assignments of error. Therefore, we decline to address them.[18]

Judgment accordingly.

DINKELACKER and MALLORY, JJ., concur.