[Cite as *State v. Bailey*, 2012-Ohio-1694.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO/ | ) | |
| CITY OF YOUNGSTOWN, | ) | CASE NO. 11 MA 3 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| ANDRE BAILEY, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from the
Youngstown Municipal Court,
Case No. 04 TRD 2016.

JUDGMENT:      Modified and Affirmed.

APPEARANCES:
For Plaintiff-Appellee:      Attorney Joseph Macejko
City Prosecutor
Attorney Bassil Ally
Assistant City Prosecutor
26 S. Phelps Street
Youngstown, OH 44503

For Defendant-Appellant:      Attorney Louis DeFabio
4822 Market Street, Suite 220
Youngstown, OH 44512

JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Gene Donofrio

Dated: March 29, 2012

DeGenaro, J.

**{¶1}** Defendant-Appellant, Andre Bailey, appeals the December 22, 2010 judgment of the Youngstown Municipal Court finding that Bailey had violated the terms of his community control and ordering him to serve the remainder of his electronically-monitored house arrest (EMHA) term in jail. On appeal, Bailey contends his due process rights were violated during the final community control violation hearing, and that the court's decision to revoke his community control was an abuse of discretion.

**{¶2}** Upon review, Bailey's assignment of error is meritless. The failure to swear in witnesses during the final hearing does not rise to the level of plain error, and Bailey was afforded all other due process protections during that hearing. The trial court's decision to revoke Bailey's community control was not an abuse of discretion. However, although not raised by Bailey as error, the court made a clerical error in its sentencing entry. At the final revocation hearing, the court calculated that Bailey had 56 days remaining on his EMHA and orally sentenced Bailey to a 56 day jail term. The judgment entry, however, imposes a 58 day sentence. Accordingly, the judgment of the trial court is affirmed, and the sentence modified to correct the clerical error of the sentencing entry pursuant to Crim.R. 36 and App.R. 12(A)(1)(a).

## Facts and Procedural History

**{¶3}** On November 2, 2009, Bailey pleaded no contest to one count of failure to reinstate a license (R.C. 4510.21(A)), a first-degree misdemeanor. He was sentenced to one year of basic community control supervision, which could terminate early upon Bailey obtaining a valid driver's license and insurance. Bailey was ordered to obtain a valid driver's license by the end of his community control period. In addition, Bailey was ordered to serve 150 days on electronically-monitored house arrest (EMHA), at his own expense, commencing January 19, 2010. Finally, he was ordered to pay $100.00 as reimbursement for his community control supervision by February 28, 2010. A transcript of the sentencing hearing was not included in the record on appeal.

**{¶4}** On September 23, 2010, Bailey's probation officer served Bailey with a "Notification of Probation Violation," which was filed with the trial court, alleging that Bailey violated the terms of his community control by failing to pay his financial sanctions,

and for EMHA violations.

{¶5}   On December 1, 2010, Bailey appeared for a probable cause hearing. Documentation from the EMHA provider and the probation officer Carol Rossi, are time-stamped December 1, 2010, the date of the probable cause hearing, and part of the record.  According to a subsequent judgment entry, Bailey stipulated to probable cause for the violation, however a transcript of the probable cause hearing is not included in the appellate record.  The matter was set for a final probation violation hearing on December 22, 2010.

{¶6}   During the final hearing, it was established that Bailey had paid his financial sanctions and that the only issue concerned the EMHA violations.  It was undisputed that Bailey had turned in his EMHA monitoring device on April 14, 2010, which was prior to the June 11, 2010 scheduled conclusion of his house arrest term.  Bailey claimed his probation officer told him to turn in the equipment, which the probation officer strongly denied.  After hearing unsworn statements from both Bailey and Rossi, the trial court found that Bailey had violated the terms of his community control and ordered him to serve the remainder of his EMHA term, 56 days, in jail.  In the resulting judgment entry, however, the court imposed a 58-day jail term.  From that entry, Bailey timely appealed. The trial court granted Bailey's motion to suspend his sentence upon the posting of a $2500 cash or surety bond, which Bailey did.  The State declined to file an appellate brief.

## Community Control Revocation Hearing

{¶7}   In his sole assignment of error, Bailey asserts:

{¶8}   "The community control/probation violation hearing conducted deprived Appellant of due process of law as guaranteed by Article I, Section 16 of the Ohio Constitution and the Fourteenth Amendment of the United States Constitution."

{¶9}   As an initial matter, proof beyond a reasonable doubt is not the standard in probation revocation cases.  *State v. Delaine*, 7th Dist. No. 08 MA 257, 2010-Ohio-609, ¶14.  Instead, the state must present substantial evidence that a defendant violated the terms of his community control sanction.  *Id.*  "Unless the decision amounts to an abuse of discretion, a reviewing court will not reverse the trial court's decision revoking

community control. An abuse of discretion implies more than an error of law or judgment; it connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable." *State v. Brown*, 7th Dist. No. 10 MA 34, 2010-Ohio-6603, ¶12, citing *State v. Maurer*, 15 Ohio St.3d 239, 253, 473 N.E.2d 768 (1984).

**{¶10}** Crim.R. 32.3 governs the revocation of community control and states in relevant part: "[t]he court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed."

**{¶11}** As this court explained in *Brown*, supra at ¶14-15:

Revocation of probation implicates two due process requirements. The trial court is first required to conduct a preliminary hearing to determine whether there is probable cause to believe that the defendant has violated the terms of his probation. *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656; *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484. * * *

Secondly, the court is required to hold a final hearing to determine whether probation should be revoked. At the final revocation hearing, the state must: (1) provide the probationer with written notice of the alleged violations of probation; (2) disclose the evidence against him; (3) give the probationer an opportunity to be heard in person and to present witnesses and documentary evidence; (4) allow him to confront and cross-examine adverse witnesses; (5) afford him a neutral and detached hearing body; and (6) provide the probationer with a written statement by the factfinder as to the evidence relied upon and the reasons for revoking probation. *State v. Myers* (June 21, 1996), 7th Dist. No. 95-CO-29, citing *Morrissey*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484.

**{¶12}** In this case, Bailey was notified of the alleged community control violations and he was afforded a preliminary hearing. Bailey does not provide a transcript of that

hearing, but a subsequent judgment entry states that he stipulated to probable cause. Absent a transcript we presume the regularity of the proceedings below. *See State v. Lett*, 7th Dist. No. 08 MA 82, 2010-Ohio-800, ¶11, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

**{¶13}** Bailey did provide a transcript of the December 22, 2010 final probation revocation hearing for inclusion in the appellate record. He takes issue with several aspects of this hearing, claiming due process violations. However, he did not object on these grounds during the hearing and thus his arguments should be reviewed for plain error only. *Delaine*, supra, at ¶22. Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. Plain error does not exist unless it can be said that, but for the error, the outcome would clearly have been otherwise. *State v. Moreland*, 50 Ohio St.3d 58, 62, 552 N.E.2d 894 (1990).

**{¶14}** First, Bailey argues that the community control violation notice he received was insufficient. This argument is meritless. The notice stated that Bailey had violated his community control by failing to pay his financial sanctions and for EMHA violations. Bailey later stipulated to probable cause for these violations and paid the financial sanctions prior to the final hearing, thus leaving only the EMHA issues to be resolved.

**{¶15}** Second, Bailey asserts that the judge was not a neutral and detached hearing officer. The purpose of this requirement is to prevent the probation officer from making the determination of whether an actual violation has occurred. *See Morrissey*, 408 U.S. at 486 ("It will be sufficient, therefore, in the parole revocation context, if an evaluation of whether reasonable cause exists to believe that conditions of parole have been violated is made by someone such as a parole officer other than the one who has made the report of parole violations or has recommended revocation.); and *Gagnon*, supra, 411 U.S. 778, (applying *Morrissey* to probation revocation proceedings.)

**{¶16}** Further, "[t]he trial court which placed the defendant on probation will be considered a 'neutral and detached' hearing body for purposes of ordering defendant's

probation revoked, unless there is evidence to demonstrate that undue bias, hostility, or absence of neutrality existed on the part of the court." *State v. Murr*, 35 Ohio App.3d 159, 520 N.E.2d 264 (1987), at syllabus (*Gagnon*, 411 U.S. 778, supra, applied.) Although the trial judge here appeared frustrated by Bailey's noncompliance, she was not biased against him in any way. The court made a reasonable determination that Bailey violated his community control by turning in his monitoring equipment prior to the end of his EMHA term. There is no evidence that the court lacked the requisite neutrality.

{¶17} Third, Bailey contends that his due process rights were violated because the state presented no witnesses during the final hearing and therefore Bailey was not afforded the opportunity to cross-examine and confront such witnesses. Bailey admitted during the hearing that he had turned in his EMHA equipment before his house arrest term had concluded, and thus there was no need to confront or cross-examine the EMHA provider. As explained by defense counsel, the only issue in dispute was whether, as Bailey claimed, his probation officer had directed him to turn in the monitoring equipment.

> [DEFENSE COUNSEL]: Well, the EMHA people are not the people we have the dispute with. What we have the dispute about is between Mr. Bailey and the probation department regarding what Mr. Bailey interpreted were his instructions to turn in the equipment and the probation officer is indicating that is not the instruction she gave him. The EMHA department does not dispute that they received the equipment back on April 14[th]. * * * It is more of a dispute between Mr. Bailey's understanding of this conversation with Ms. Rossi [his probation officer]. Ms. Rossi has indicated today she had a different conversation with Mr. Bailey asking him to come into the probation department to discuss it. Mr. Bailey has indicated that they never had that conversation between them. If he could not pay any longer for EMHA, he was supposed to turn in the equipment. That's where we are at today, Your Honor.

{¶18} Rossi then stated as follows:

MS. ROSSI:  He [Bailey] actually cut the ankle bracelet off and had his mother turn the equipment in.  The date in question, April 14th, I made very detailed notes in Court View regarding my conversation with Mr. Bailey.  And I actually placed a phone call to him regarding the alleged violations and told him he needed to come into me and explain everything that I had received.

THE COURT: Did he?

MS. ROSSI: He became argumentative with me and claimed that he was, that he was tired of - - This is my exact notes, "Tired of claims that he is doing wrong and that he has made police reports." I informed him that I would be preparing PVs in each case[.] * * * He hung up on me. * * * And at no time did I tell him to turn any equipment in.

{¶19}  When asked for his version of events, Bailey stated:

MR. BAILEY:  * * * She [Rossi] called me and said, "Well, if you can't come and pay your fine in full today, turn the box in."  I said, "Why do I have to pay my fine in full when I have been on a payment plan and I have been paying the fines as much as I can every month so why do I have to come in and pay it in full today and that wasn't the agreement of the payment plan?"  She said, "If you can't come in and pay it by 4:00 o'clock today, turn the box in."  That's exactly what she said.

{¶20}  Neither Bailey nor the probation officer was sworn in prior to testifying, an apparent oversight that could implicate due process concerns. Although a community-control-revocation hearing is not a stage of the criminal prosecution but rather an informal hearing where the Rules of Evidence generally do not apply, there are still minimal due process requirements. *State v. Shugart*, 7th Dist. No. 08 MA 197, 2009-Ohio-2635, ¶16; *State v. Dockery*, 187 Ohio App.3d 798, 2010-Ohio-2365, 933 N.E.2d 1155, ¶10 (1st

Dist.).  This includes the opportunity to cross-examine witnesses, *see Brown*, supra at ¶14-15, which technically cannot occur absent formally swearing in those witnesses.

**{¶21}**  The unsworn testimony during the revocation hearing violates Evid.R. 603, which mandates that "[b]efore testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness' conscience and impress the witness' mind with the duty to do so."

**{¶22}**  Non-compliance with Evid.R. 603 was addressed by the court in *State v. Norman*, 137 Ohio App.3d 184, 137 Ohio App.3d 184, 738 N.E.2d 403 (1st Dist.1999) in the context of an ineffective assistance of counsel claim.  There the defendant argued that he was denied constitutionally effective representation because trial counsel failed to object to a witness' unsworn testimony.  The First District concluded that while it was error for unsworn testimony to be admitted as evidence, the error was not prejudicial because counsel was able to effectively cross-examine the witness.  *Id.* at 198.

**{¶23}**  Importantly, the court in *Norman* noted that an error pursuant to Evid.R. 603 may be waived: "Evid.R. 603, R.C. 2317.30, and Section 7, Article I of the Ohio Constitution all require that a witness be administered an oath before testifying.  While it is error for unsworn testimony to be admitted as evidence, such error is waived by failing to bring it to the court's attention.  This is because the failure to administer an oath can easily be corrected at the time; an attorney may not fail to object and then cite the lack of an oath as error." *Norman* at 198.

**{¶24}**  In this case, defense counsel failed to request that witnesses be sworn in or object pursuant to Evid.R. 603, thereby waiving the issue.  *Id*.  Because this error is raised in the context of a due process violation we will review for plain error.  *Delaine*, *supra*, at ¶22.  Based on the totality of the circumstances in this case, no plain error occurred.  Bailey was given the opportunity to present his side of the story, to confront his probation officer, and Bailey's attorney was free to question the probation officer had he chosen to do so.  The outcome of the proceeding would not clearly have been otherwise but for the error, and no manifest miscarriage of justice occurred here.  *See Moreland, Long*, supra.

{¶25} Fourth, Bailey argues that his due process rights were violated inasmuch as the trial court failed to issue a decision detailing its findings and reasons for revoking Bailey's community control. This argument is meritless. It was clear from the final revocation hearing that the court's reason for revoking the community control was Bailey's noncompliance with EMHA, specifically that he turned in his monitoring equipment before the end of his house arrest term. The transcript of the final revocation hearing provides an adequate record for appeal and thus the trial court's failure to issue a decision detailing its findings and reasons for the revocation did not prejudice Bailey, and does not rise to the level of plain error. *See State v. Delaney*, 11 Ohio St.3d 231, 235, 465 N.E.2d 72 (1984); *State v. Moore*, 10th Dist. No. 03AP-803, 2004-Ohio-2521, ¶8.

{¶26} Finally, Bailey argues that the State did not meet its burden of proof that he violated the terms of his probation. This argument is meritless. As discussed above, Bailey admitted that he turned in his EMHA monitoring equipment before the conclusion of the EMHA. He attempted to justify his actions by stating that Ms. Rossi, his probation officer instructed him to turn in the equipment if he could not pay for it. Ms. Rossi denied these allegations and her version of events is supported by her notes of the conversation with Bailey, which are part of the trial court record. Thus, there is competent, credible evidence supporting the trial court's determination that Bailey had violated the terms of his community control and the trial court did not abuse its discretion by revoking the community control and ordering Bailey to serve the remainder of his house arrest term in jail.

### Clerical Error in the Judgment Entry

{¶27} Although not raised as an issue on appeal, the trial court made a clerical error or scrivener's error in its judgment entry sentencing Bailey to jail for the probation violation. During the hearing, the court calculated that Bailey had 56 days remaining on his EMHA and orally sentenced Bailey to a 56 day jail term. The judgment entry, however, imposes a 58 day sentence.

{¶28} Crim.R. 36 provides: "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be

corrected by the court at any time." Crim.R. 36. "The term 'clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶19. Further, App.R. 12(A)(1)(a) authorizes this court to modify any order.

**{¶29}** In *State v. Kase*, 187 Ohio App.3d 590, 2010-Ohio-2688, 932 N.E.2d 990 (7th Dist.), because the sentence pronounced by the trial court during the sentencing hearing was itself imprecise, this Court remanded for a new sentencing hearing. *Id.* at ¶32, 36. Bailey's situation is distinguishable from *Kase*. Here, the trial court specifically stated at the sentencing hearing that it was imposing a 56 day jail sentence, and that pronouncement is supported by the record. Pursuant to App.R. 12 (A)(1)(a), we affirm and modify the trial court's journal entry to reflect that Bailey's jail sentence is 56 days.

**{¶30}** In sum, the trial court did not abuse its discretion by revoking Bailey's community control and ordering him to serve the remainder of his sentence in jail, rather than on EMHA. The failure to swear in witnesses during the final revocation hearing does not rise to the level of plain error, and Bailey was afforded all other due process protections during that hearing. Accordingly, the judgment of the trial court is affirmed, and the sentence entry is modified to reflect a 56 day sentence to correct the clerical error.

Waite, P.J., concurs.

Donofrio, J., concurs.