[Cite as *State v. McCants*, 2013-Ohio-2646.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO, : APPEAL NO. C-120725
TRIAL NO. B-1103329

    Plaintiff-Appellee, :

  vs. : *O P I N I O N.*

NEECO MCCANTS, :

    Defendant-Appellant. :


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  June 26, 2013


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda J. Machol,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Farrish Law Firm* and *Michaela M. Stagnaro,* for Defendant-Appellant.


Please note:  this case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge.**

{¶1}     Defendant-appellant Neeco McCants appeals the judgment of the Hamilton County Court of Common Pleas revoking his community control and imposing a sentence of imprisonment.

### McCants's Conduct While on Community Control

{¶2}     In 2011, McCants entered a guilty plea to a single count of attempting to possess a concealed weapon, and the trial court placed him on community control.  At the sentencing hearing, the court informed McCants that it would impose a 12-month prison sentence if he were to violate the terms of community control.

{¶3}     In 2012, McCants was indicted for carrying a concealed weapon. The grand jury ignored the companion misdemeanors of obstructing official business, criminal trespass, and possession of marijuana.

{¶4}     As a result of the indictment for possessing a concealed weapon, a community-control violation was filed against McCants.   The weapon charge proceeded to a jury trial, at which McCants was acquitted.  In light of the acquittal, the community-control officer filed an amended violation, alleging that McCants had failed to conduct himself properly while on community control.  The basis for the amended violation was McCants's alleged commission of the misdemeanors that had accompanied the charge for which he had been acquitted.

{¶5}     The trial court conducted a hearing on the alleged violation.  At the hearing, Cincinnati Police Officer Robert Wilson testified that he had seen McCants involved in what appeared to be a drug transaction on property owned by the Cincinnati Metropolitan Housing Authority ("CMHA").  Wilson stated that McCants

had fled when he saw the police cruiser and had refused to stop when ordered. According to Wilson, a gun fell out of McCants's waistband as he was scaling a fence. Wilson further testified that McCants had been warned to remain off of CMHA premises.

{¶6} Wilson's partner, Officer Brendan Rock, also testified that he had seen McCants involved in an apparent drug transaction. Rock stated that Wilson had chased McCants and that McCants had discarded a bag of what appeared to be marijuana before surrendering. Over McCants's objection, the trial court accepted a laboratory report indicating that the substance was marijuana.

{¶7} The trial court held that, even without the evidence of the concealed weapon for which McCants had been acquitted, the state had established a violation of community control. The court revoked community control and sentenced McCants to 12 months' imprisonment.

### Evidence of the Violation

{¶8} In his first assignment of error, McCants argues that the trial court erred in revoking community control. He first contends that his acquittal for carrying a concealed weapon removed any factual basis for finding a violation. We are not persuaded.

{¶9} The Supreme Court of Ohio has held that community control may be revoked even if underlying criminal charges are dismissed, the defendant is acquitted, or the conviction is overturned, unless all factual support for the revocation is removed. *Barnett v. Adult Parole Auth.,* 81 Ohio St.3d 385, 387, 692 N.E.2d 135 (1998); *State v. Sutherlin,* 154 Ohio App.3d 765, 2003-Ohio-5265, 798 N.E.2d 1137, ¶ 8 (1st Dist.). The trial court may examine the evidence surrounding a defendant's arrest and conclude that he did not obey the law. *State v. Craig,* 130

3

Ohio App.3d 639, 642, 720 N.E.2d 966 (1st Dist.1988), *overruled in part on other grounds, State v. Giles,* 1st Dist. No. C-010582, 2002-Ohio-3297.

{¶10}    In the case at bar, the trial court explicitly stated that it had disregarded the evidence concerning the charge for which McCants had been acquitted.  Thus, we must determine whether the remaining evidence supported the trial court's conclusion that McCants had violated the terms of community control.

{¶11}    To demonstrate a violation of community control, the state need not adduce proof beyond a reasonable doubt; rather, the quantum of evidence supporting the violation must be "substantial."  *State v. Dunaway,* 1st Dist. No. C-010518, 2002-Ohio-3290, ¶ 19, citing *State v. Hylton,* 75 Ohio App.3d 778, 600 N.E.2d 821 (4th Dist.1991).  Substantial evidence has been defined as being more than a scintilla of evidence, but less than a preponderance.  *See, e.g., State v. Middlebrooks,* 5th Dist. No. 2010 AP 08 0026, 2011-Ohio-4534, ¶ 14.

{¶12}    Here, the state presented substantial evidence that McCants had fled from the officers when ordered to stop, had possessed marijuana, and had trespassed on CMHA property.  Accordingly, the factual support for the revocation had not been removed by virtue of the acquittal on the weapon charge.

### Due-Process Issues

{¶13}    Nonetheless, McCants argues that the trial court violated his due-process rights in the manner in which it conducted the revocation hearing.

{¶14}    A revocation hearing is an informal proceeding to assure that the finding of a violation will be based on verified facts and to assure that the trial court's exercise of discretion will be based on an accurate knowledge of the defendant's conduct.  *See State v. Dockery,* 187 Ohio App.3d 798, 2010-Ohio-2365, 933 N.E.2d 1155, ¶ 10 (1st Dist.).  Therefore, revocation proceedings require only "a minimal threshold of due process."  *Id.*  Such due process includes written notice of the

4

claimed violation; notice of the evidence to be used as the basis for the revocation; the opportunity to be heard in person and to present evidence; the right to confront and cross-examine adverse witnesses; a "neutral and detached" hearing body; and a written statement by the finder of fact as to the reasons for revocation. *Gagnon v. Scarpelli,* 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Although the rules of evidence are inapplicable to revocation hearings, the admission of hearsay may implicate the defendant's right to confront and cross-examine adverse witnesses. Evid.R. 101(C)(3); *Columbus v. Lacy,* 46 Ohio App.3d 161, 163, 546 N.E.2d 445 (10th Dist.1988).

{¶15} McCants argues that he was denied due process because the state failed to provide a witness list prior to the hearing. But because he failed to raise that issue before the trial court, we deem it to have been forfeited.

{¶16} McCants next argues that the trial court erred in admitting the laboratory report identifying the substance as marijuana because he did not have the opportunity to confront or cross-examine a representative of the coroner's laboratory. We find no merit in this argument. The police officer who had recovered the substance testified that he had recognized it as marijuana because he had "arrested people with marijuana hundreds of times." In the context of a revocation hearing, we find no prejudice to have resulted from the absence of a coroner's representative.

{¶17} McCants also contends that the trial court erred in admitting evidence that he had been banned from CMHA property. He again maintains that he was prejudiced because he was not afforded the opportunity of confronting a CMHA representative. In light of the other misconduct demonstrated by the state, we hold that any error in the admission of the CMHA evidence was harmless.

{**¶18**}     Finally, McCants argues that he was not afforded a neutral and detached finder of fact.  He contends that the trial court believed him to have been guilty of the concealed-weapon charge and improperly used the revocation proceedings to ensure that he would be punished.  But McCants cites nothing in the record to support his assertion, and the Supreme Court of Ohio rejected his counsel's affidavit of bias and prejudice.  Accordingly, we overrule the first assignment of error.

### Sentencing

{**¶19**}     In his second and final assignment of error, McCants argues that the trial court erred in imposing a term of imprisonment for a fifth-degree felony without making the findings required under R.C. 2929.13(B)(1)(b).

{**¶20**}     This argument is without merit.  After finding a violation of community control, the trial court may impose a longer period under the same community-control sanction, a more restrictive sanction, or a term of imprisonment. R.C. 2929.15(B)(1); *State v. Castellini,* 1st Dist. Nos. C-110445 and C-110446, 2012-Ohio-1603, ¶ 18.  A prison term imposed upon the finding of a community-control violation "shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing."  R.C. 2929.15(B)(2); *Castellini* at ¶ 19.  The court is presumed to have considered all relevant factors, and if the sentence is not contrary to law, we apply an abuse-of-discretion standard.  *Castellini* at ¶ 22-23.

{**¶21**}     In this case, a sentence of imprisonment was specifically authorized by statute without further findings by the trial court.  Under R.C. 2929.13(B)(1)(d), a trial court imposing sentence for a fifth-degree felony "may impose an additional penalty under division (B) of section 2929.15 of the Revised

Code upon an offender sentenced to a community control sanction under division (B)(1)(a) of this section if the offender violates the conditions of the community control sanction * * *." The sentence imposed here was within the statutory range for a fifth-degree felony and did not exceed the term specified at the original sentencing hearing. McCants has failed to demonstrate that the trial court abused its discretion, and we overrule the second assignment of error.

## Conclusion

{¶22}     We affirm the judgment of the trial court.

Judgment affirmed.

**CUNNINGHAM** and **FISCHER, JJ.,** concur.

Please note:

The court has recorded its own entry this date.