[Cite as *State v. Osume*, 2015-Ohio-3850.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-140390<br>TRIAL NO. B-1200855 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| SANI OSUME, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and
                                 Cause Remanded

Date of Judgment Entry on Appeal: September 23, 2015

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Schuh & Goldberg, LLP.,* and *Brian T. Goldberg*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**CUNNINGHAM, Presiding Judge.**

{¶1}   Defendant-appellant Sani Osume challenges the trial court's judgment revoking community control and imposing a 15-month sentence of imprisonment.  Because the trial court did not afford Osume his right of allocution before imposing sentence, we reverse the sentence, and remand the cause to the trial court for resentencing.

{¶2}   In August 2012, Osume entered a guilty plea to a charge of receiving a stolen firearm, punishable as a fourth-degree felony.  The trial court accepted the plea and sentenced Osume to a one-year term of community control with the condition of intensive supervision by the probation department.  At the sentencing hearing, the trial court notified Osume that if he violated the terms of community control, the court would impose an 18-month prison term.

{¶3}   In response to a question from Osume's counsel about restrictions on Osume's possession of firearms, the trial court stated:

> No, he is charged with receiving.  He is not charged with a
>
> disability offense.  I am not suggesting that I am precluding him from
>
> possessing a firearm in the future, unless he gets a felony drug
>
> conviction or a crime of violence, which he doesn't have.
>
> He is able to possess a firearm legally; he just can't carry it
>
> unless he has a CCW permit, and you can't get one while you are on
>
> probation or community control.  But he is allowed to have a firearm
>
> under the Constitution, and it's not an offense.

{¶4}   In February 2013, in response to a community-control violation, Osume's community-control sanction was  continued until August 2014.  On May 29, 2014, during a visit to Osume's residence, probation officers found loaded weapons, marijuana, and other drug paraphernalia.  As a result, community-control

violations were filed against Osume. Probation officers alleged that Osume had failed to conduct himself properly by possessing firearms, marijuana, and drug paraphernalia, in violation of Rule 1. They claimed that Osume had violated Rule 4 by testing positive for marijuana and by failing to appear for two urinalysis screenings. They also alleged that Osume had violated Rule 8 by failing to appear for probation office visits.

{¶5} Without objection by either party, the trial court conducted the probable-cause and community-control-revocation hearings in a single proceeding. At the joint hearing, Osume's mother, his probation officer, and Osume himself offered statements, though only Osume's mother was administered an oath before speaking. At the completion of the proceeding, the trial court found Osume in violation of Rules 1 and 4 of his community control. The court refused to find a violation of Rule 8.

{¶6} Immediately after finding the violations, the trial court declared, "And I'm going to sentence you in the following manner." Addressing Osume's trial counsel, the court asked, "Anything you'd, like to say * * * before I move forward with sentence?" In mitigation, Osume's counsel offered that Osume was employed and had attempted to pay the ordered costs and fines.

{¶7} The trial court then inquired, "Anything from the State? * * * Anything from probation?" Neither chose to make a comment. Without affording Osume an opportunity to speak on his own behalf, the trial court imposed a 15-month term of imprisonment. Osume appealed.

{¶8} In his first assignment of error, Osume asserts that the trial court erred in finding that he had violated the terms of his community control. He argues that the state failed to adduce sufficient evidence of violations. First, Osume maintains that he could not have been violated for being found with firearms in his residence when the trial court, at the original sentencing, had stated that he was permitted to possess firearms. Next, Osume maintains that the state offered only

"bare bones testimony" that marijuana had been found at his residence, and that he had tested positive for marijuana and had missed two urinalysis screenings. We disagree.

{¶9}    In order to establish a community-control violation, the state must present substantial evidence that the defendant violated the terms of his community control. *State v. McCants*, 1st Dist. Hamilton No. C-120725, 2013-Ohio-2646, ¶ 11; *see State v. Dockery*, 187 Ohio App.3d 798, 2010-Ohio-2365, 933 N.E.2d 1155, ¶ 10 (1st Dist.). "Substantial evidence has been defined as being more than a scintilla of evidence, but less than a preponderance." *McCants* at ¶ 11.

{¶10}    Here, the state presented the unrebutted testimony of Osume's probation officer that an inspection of Osume's residence uncovered loaded firearms, including a submachine gun, plus three separate bags of marijuana and drug paraphernalia. The probation officer also testified that Osume had tested positive for marijuana in his urine in April 2014, and had failed to appear for two scheduled urinalysis screenings.

{¶11}    The state maintains that the trial court's 2012 remark concerning firearm possession was simply the court's acknowledgement that Osume had not been convicted of a disability offense. Thus its apparent grant of permission to possess firearms referred only to a time after the successful completion of the community-control sanction. But we need not discern the import of the trial court's remark. Even if Osume had been permitted to possess firearms during community control, the state adduced substantial evidence that Osume had violated Rule 1 by possessing marijuana and drug paraphernalia.

{¶12}    Osume admitted to testing positive for marijuana, but offered an explanation for the test results. The trial court was entitled to disregard Osume's statement that he had tested positive only because he had been in proximity to others

4

smoking the illegal substance. Moreover, Osume did not rebut the probation officer's testimony that Osume had failed to submit to scheduled urinalysis on two occasions.

{¶13} Therefore, the trial court's finding that Osume had violated the terms of his community control was supported by substantial evidence, and will not be disturbed on appeal. *See McCants*, 1st Dist. Hamilton No. C-120725, 2013-Ohio-2646, at ¶ 11; *see also Dockery*, 187 Ohio App.3d 798, 2010-Ohio-2365, 933 N.E.2d 1155, at ¶ 10. The first assignment of error is overruled.

{¶14} In his second assignment of error, Osume contends that he was denied due process of law when witnesses called at the joint hearing were not sworn in prior to testifying, in violation of Evid.R. 603. Osume argues that while his mother had testified under oath, neither he nor his probation officer had been sworn in before making statements. The state agrees that it was error for unsworn testimony to be admitted as evidence, but that any error was forfeited by Osume's failure to bring the error to the trial court's attention.

{¶15} A community-control revocation hearing is not a stage of the criminal prosecution. *See Dockery* at ¶ 10. It is an informal hearing to which the rules of evidence "do not apply." Evid.R. 101(C)(3); *see McCants* at ¶ 14. But the minimal demands of due process do require that a defendant be afforded the right to confront and cross-examine adverse witnesses. *See Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *see also McCants* at ¶ 14. Some courts have argued that the right to confront and cross-examine witnesses "technically cannot occur absent formally swearing in those witnesses." *E.g., State v. Bailey*, 7th Dist. Mahoning No. 11 MA 3, 2012-Ohio-1694, ¶ 20.

{¶16} But we have long held that the due-process requirements of a probation- or community-control-violation proceeding may be forfeited if the defendant fails to object timely. *See State v. Henderson*, 62 Ohio App.3d 848, 853, 577 N.E.2d 710 (1st Dist.1989); *see State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d

306, ¶ 23 (describing the failure to preserve an objection as "forfeiture" subject to review for plain error under Crim.R. 52(B)). This is particularly the case where the failure to administer an oath can easily be corrected if timely brought to the trial court's attention. *See Bailey* at ¶ 23*; see also State v. Norman*, 137 Ohio App.3d 184, 198, 738 N.E.2d 403 (1st Dist.1999) (applying forfeiture to the admission of unsworn testimony in a criminal prosecution).

{¶17}    Here, Osume failed to request that he and the probation officer be sworn in before testifying. He failed to object when the probation officer responded to questions about the violations without an oath being administered. Thus, he forfeited any error save plain error. *See Henderson* at 853; *see also Bailey* at ¶ 24. Since Osume had the opportunity to present his side of the story and to question the probation officer, we hold that the outcome of the proceeding would not clearly have been otherwise but for the omission by the court. No manifest miscarriage of justice occurred which would have mandated reversal of the revocation findings. *See* Crim.R. 52(B); *see also State v. Rogers*, Slip Opinion No. 2015-Ohio-2459, ¶ 3. The second assignment of error is overruled.

{¶18}    In his final assignment of error, Osume asserts that the trial court erred by denying him the right of allocution, after it found him in violation of the terms of community control, and before it imposed the sanction for those violations. The state does not argue that Osume had no right of allocution when he was sentenced for a community-control violation. Instead it maintains that since Osume had multiple opportunities to speak before the trial court's violation determination, he was effectively provided the right of allocution.

{¶19}    The Ohio Supreme Court has held that "[t]rial courts must painstakingly adhere to Crim.R. 32, guaranteeing the right of allocution." *State v. Green*, 90 Ohio St.3d 352, 359-360, 738 N.E.2d 1208 (2000). When imposing sentence, the trial court must address the defendant personally and ask whether he wishes to make a statement in his

own behalf or present any information in mitigation of punishment. *See* Crim.R. 32(A)(1); *see also* R.C. 2929.19(A).

**{¶20}** Last year, we held that a defendant being sentenced to prison following a community-control violation has a right to allocution under R.C. 2929.19(A)(1) and Crim.R. 32(A)(1). *State v. McAfee*, 1st Dist. Hamilton No. C-130567, 2014-Ohio-1639, ¶ 14. We rejected the contention that a defendant ought not to be afforded a "second" right to allocution since no new sentence was being imposed, and the trial court was simply reinstating the prison term that the defendant had been warned of at the original sentencing. *Id.*

**{¶21}** Instead, we followed the Supreme Court's determination, in *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17, that the sentencing hearing conducted after finding a community-control violation constitutes "a second sentencing hearing[,] [at which] the court sentences the offender anew and must comply with the relevant sentencing statutes." *McAfee* at ¶ 14. This court has long acknowledged that the sanctions of imprisonment and community control are mutually exclusive alternatives. In *State v. Smith*, 1st Dist. Hamilton No. C-980887, 1999 Ohio App. LEXIS 4311, *13 (Sept. 17, 1999), we held that that the felony-sentencing statutes make no provision for the suspension, then imposition, of a prison term, upon the defendant's violation of community control. *Compare* R.C. 2929.25(A)(1)(b) (for misdemeanor offenses, a trial court that imposes a jail term may suspend all or part of the jail term and place the offender under a community-control sanction). The Ohio Supreme Court has recently reiterated that the General Assembly intended prison and community-control sanctions as alternative sentences for a felony offense, and that a trial court must impose either a prison term or a community-control sanction absent an express exception. *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 31.

**{¶22}** Thus, following a community-control violation, if a trial court imposes sentence without first asking the defendant if he wants to exercise the right of allocution,

resentencing is required unless the error is invited error or harmless. *See McAfee* at ¶ 14; *see also State v. Jackson*, 1st Dist. Hamilton No. C-140384, 2015-Ohio-2171, ¶ 8; *State v. Campbell*, 90 Ohio St.3d 320, 738 N.E.2d 1178 (2000), paragraph three of the syllabus.

{¶23} The right of allocution belongs to the defendant himself. *See State v. Thompson*, 1st Dist. Hamilton No. C-120516, 2013-Ohio-1981, ¶ 5. Its purpose is "to permit the defendant to speak on his own behalf or present any information in mitigation of punishment." *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 85. Therefore, when imposing sentence, it is not enough for the trial court to simply give defense counsel the opportunity to speak on the defendant's behalf. *See Green*, 90 Ohio St.3d at 359-360, 738 N.E.2d 1208.

{¶24} Here, the trial court failed to address Osume personally and ask if he wished to make a statement on his own behalf or present any information in mitigation of punishment before imposing sentence. This was error, and the unusual circumstances that would deem the error harmless are not present in this case. *Compare State v. Reynolds*, 80 Ohio St.3d 670, 684, 687 N.E.2d 1358 (1998) (holding harmless a trial court's denial of allocution where the defendant had made an unsworn statement in the penalty phase and had sent a letter to the trial court, and where defense counsel had made a statement on behalf of the defendant). Since Osume was not afforded an opportunity to speak in mitigation before the trial court imposed his sentence, we sustain the third assignment of error. *See State v. Jackson*, 1st Dist. Hamilton No. C-140384, 2015-Ohio-2171, ¶ 13.

{¶25} We, therefore, reverse Osume's sentence, and we remand the cause to the trial court for resentencing in accordance with this opinion and the law. *See Campbell*, 90 Ohio St.3d 320, 738 N.E.2d 1178, at paragraph three of the syllabus. We affirm the trial court's judgment in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

**DEWINE, J.,** concurs.

**MOCK, J.,** concurs in part and dissents in part.

**MOCK, J.,** concurring in part and dissenting in part.

{¶26}     I join with the majority's resolution of the first two assignments of error. I disagree, however, with the resolution of the third assignment of error for the reason set forth in my dissent in *State v. Jackson*, 1st Dist. Hamilton No. C-140384, 2015-Ohio-2171.   The right of allocution does not apply when a defendant is sentenced for a community-control violation.   *Id.* at ¶ 24.   Therefore, I respectfully dissent in part, and I would affirm the trial court's judgment.

Please note:

The court has recorded its own entry on the date of the release of this opinion.