[Cite as *State v. Kincaid*, **2023-Ohio-1873.**]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-220628 |
| | | C-220629 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-1601516 |
| | | B-2100598 |
| vs. | : | |
| | | |
| CHISTOPHER KINCAID, | : | |
| | | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal: June 7, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael J. Trapp*, for Defendant-Appellant.

**Bock, Judge.**

**{¶1}** Defendant-appellant Christopher Kincaid appeals his sentences, arguing that the trial court denied him his right to allocution. Because any error made by the trial court was harmless, we overrule Kincaid's sole assignment of error.

## I.      Facts and Procedure

**{¶2}** In 2016, Kincaid was indicted for one count of felonious assault. Kincaid pleaded guilty. The trial court sentenced him to community control and inpatient treatment.

### Kincaid was charged with arson while on community control for felonious assault

**{¶3}** The trial court revoked and restored Kincaid's community control three times within eight months. In February 2021, the state charged Kincaid with violating community control for the fourth time due to his being indicted on an aggravated-arson charge. Kincaid pleaded guilty to both a reduced charge of arson and violating the terms of his community control on the felonious-assault charge.

### Kincaid interjected throughout the sentencing hearing

**{¶4}** During the sentencing hearing, it appears that the court was addressing defense counsel when it initially asked, "Did you want to say anything?" Kincaid's counsel responded with an argument in mitigation. Kincaid interjected throughout the sentencing hearing, asking if he can "say anything," and explaining that he "was just doing things" when he "was on crack." Kincaid stated that he did not set a fire, but he was "lighting papers for [his] crack because [he] didn't have a lighter."

**{¶5}** Kincaid continued to interject as the trial court directly addressed Kincaid's counsel and the probation officer. At one point during the hearing, the

dialogue reflects both counsel and the deputy asking Kincaid to be quiet as counsel continued the mitigation argument:

THE COURT: We did cut him – I'm not maxing him out. We did give him a break. We reduced it from an [aggravated] arson down from an arson.

MR. NEFF: It was reduced from an F2 to a felony of the third degree.

THE COURT: [S]o you saved him a lot of time there because with initially an [aggravated] arson –

THE DEFENDANT: Yes, sir.

THE COURT: [H]e faced, wow, really a substantial amount of time.

THE DEFENDANT: Yes, sir, two to eight years, yes, sir.

THE COURT: Because originally it was a felony one.

MR. NEFF: It was a felony two.

THE COURT: Felony two, so it carries eight to 12 years in prison. All right. Anything else you want to add on this?

THE DEFENDANT: Judge Ruehlman, I've been real good.

THE COURT: You did a good job for him. You saved him some time. I'm just worried about society in general. I've taken a lot of chances on him.

THE DEFENDANT: Give me a chance, Judge Ruehlman.

MR. NEFF: Let me talk for a minute.

THE DEFENDANT: Yes, sir, yes, sir, yes, sir.

MR. NEFF: If you were to put him on community control, he tells us he can live with his mom.

THE DEFENDANT: [S]ure can.

MR. NEFF: His mother's address is on the form that we provided, which is the notification. I did go over that with him and he signed it so he knows he has an obligation to register and then notify of change of address. I'll submit on that.

THE COURT: [W]e have to do the registration.

THE DEFENDANT: Judge Ruehlman, I'll do whatever time you want me to do if you give me a chance. Give me a chance, Judge Ruehlman. Give me a chance, Judge Ruehlman. If I don't Judge Ruehlman, Judge Ruehlman. I won't mess up and if I don't --

DEPUTY SHERIFF: [S]hhhh.

{¶6} Other than suggesting to Kincaid that he refrain from discussing his drug use, the trial court did not directly address Kincaid until it explained his requirement to register as a violent offender:

THE COURT: * * * so right now I got you -- when you get out, it says you will be living at [address].

THE DEFENDANT: Yes, sir.

THE COURT: [S]o if for some reason when you get out of prison that's changed, you are going to -- when you come into this county after you're released, within ten days of coming to this county, occupying a dwelling for no more than three days, so if you are in a dwelling then you have to do it for three days and then come to the sheriff's department and register. And then a year from that date, you have to register again and you have to do this for the rest of your life. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: [O]kay. Good.

THE DEFENDANT: I won't mess up, Judge Ruehlman.

THE COURT: [O]kay.

{¶7} The trial court responded to defense counsel's question involving waiving Kincaid's registration fees. It was not clear to whom the court was speaking when it asked whether "you" would like to add anything.

MR. NEFF: Judge, there's a number of fees included with the registration. Is it possible for the court to waive those fees?

THE COURT: Yes, I was going to go over that next because I'm waiving all of the costs.

\* \* \*

THE DEFENDANT: I get social security, Judge Ruehlman. I can pay for that.

THE COURT: Anything else you wanted to add then?

MR. NEFF: Judge, there's nothing else I can add. * * * And, again, I'd ask you to release him to the address that he has on the form. Put him on community control. I certainly understand the Court's concerns.

After Kincaid's counsel offered argument involving mitigation, the court stated, "All right. And then defendant has already made a statement."

{¶8} The trial court sentenced Kincaid to eight years on the felonious-assault count and 36 months for the arson charge, to be served consecutively. On appeal, Kincaid maintains that the trial court failed to directly address him and ask whether he had anything to say before the court imposed the sentences.

## II.     Law and Analysis

### A. A trial court must directly address a defendant as to his right to allocution

{**¶9**}   This court and the Ohio Supreme Court have held that "[t]rial courts must painstakingly adhere to Crim.R. 32, guaranteeing the right of allocution." *State v. Osume*, 1st Dist. Hamilton No. C-140390, 2015-Ohio-3850, ¶ 19, quoting *State v. Green*, 90 Ohio St.3d 352, 359-360, 738 N.E.2d 1208 (2000). When imposing sentences, the trial court must address defendants personally to ask whether they wish to make a statement on their own behalf or present any information in mitigation of punishment. *Osume* at ¶ 19; *see* Crim.R. 32(A)(1); R.C. 2929.19(A). The right to allocution includes defendants being sentenced following community-control violations. R.C. 2929.19(A)(1); Crim.R. 32(A)(1); *see State v. McAfee*, 1st Dist. Hamilton No. C-130567, 2014-Ohio-1639, ¶ 14.

{**¶10**}   When trial courts impose sentences without first asking defendants if they wish to exercise their right to allocution, resentencing is required unless the error is invited error or harmless. *Osume* at ¶ 22; *see McAfee* at ¶ 14; *State v. Jackson*, 1st Dist. Hamilton No. C-140384, 2015-Ohio-2171, ¶ 8; *State v. Campbell*, 90 Ohio St.3d 320, 738 N.E.2d 1178 (2000), paragraph three of the syllabus. Accordingly, errors in affording the right of allocution are subject to a harmless-error analysis. *Campbell* at 326.

{**¶11**}   Kincaid argues that although the trial court allowed Kincaid to "interject at numerous points before pronouncing its sentences," he was not given the right of allocution. It appears that the trial court was addressing defense counsel when it asked, "Anything else you want to add then?" Kincaid's counsel, not Kincaid, responded. Meanwhile, Kincaid was told by the deputy and his counsel to be quiet.

Although the record is unclear, it appears that Kincaid may have been denied his right to allocution.

**{¶12}** But assuming that Kincaid was denied his right to allocution, any such error was harmless.

<u>Kincaid made unsworn statements during the sentencing phase</u>

**{¶13}** Courts have found harmless error where the defendant makes a statement in mitigation of punishment despite the court not directly asking the defendant for a statement. *Cleveland v. Gholston*, 8th Dist. Cuyahoga No. 96592, 2011-Ohio-6164, ¶ 18.

**{¶14}** In *Osume*, Osume's mother made a sworn statement and the trial court addressed defense counsel, the state, and probation. *Osume*, 1st Dist. Hamilton No. C-140390, 2015-Ohio-3850, at ¶ 4-7. But the trial court failed to address Osume before sentencing him. *Id.* at ¶ 7. This court held that there were no unusual circumstances to hold the error harmless where the trial court failed to address Osume personally and ask if he wished to make a statement on his own behalf or present any information in mitigation of punishment before imposing the sentence. *Id.* at ¶ 24.

**{¶15}** In *Reynolds*, the Ohio Supreme Court found an unusual circumstance and held that Reynolds took his opportunity to speak on his own behalf as he presented evidence and made an unsworn statement in the "penalty phase" of his case. *State v. Reynolds*, 80 Ohio St.3d 670, 684, 687 N.E.2d 1358 (1998). The court held that the trial court's denial of allocution was harmless and not prejudicial because Reynolds had previously sent a letter to the trial court as to sentencing, Reynolds made an unsworn statement during sentencing, and defense counsel made a statement on Reynolds's behalf. *Id.*

7

**{¶16}** Here, Kincaid spoke on his own behalf in mitigation by (1) explaining his drug use being the cause of the fire, (2) saying that he had "been real good" and had been taking his medication, and (3) repeatedly asking the court to give him another chance. Defense counsel spoke on Kincaid's behalf and requested that Kincaid be put on community control for the arson conviction. *See State v. Turjonis,* 7th Dist. Mahoning No. 11 MA 28, 2012-Ohio-4215, ¶ 10 (While the trial court failed to ask appellant if he wanted to make one last statement, appellant gave his addiction to heroin as the reason for mitigating his sentence. Thus, appellant spoke on his own behalf in mitigation by explaining his drug-addiction history to the judge, and defense counsel asked the court for community control.).

**{¶17}** Because Kincaid had the opportunity to address the court and did address the court, any error in failing to personally ask Kincaid if he would like to make a statement before sentencing was harmless error. We overrule Kincaid's sole assignment of error.

### III. Conclusion

**{¶18}** Because Kincaid addressed the court throughout the sentencing hearing, any error was harmless. We affirm the trial court's judgments.

Judgments affirmed.

**ZAYAS, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.