[Cite as *State v. Estright*, 2016-Ohio-1194.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 27598 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JERELYN SUE ESTRIGHT | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 2007 07 2369 |

DECISION AND JOURNAL ENTRY

Dated: March 23, 2016

CARR, Presiding Judge.

{¶1}   Defendant-Appellant, Jerelyn Estright, now appeals from the judgment of the Summit County Court of Common Pleas. This Court reverses and remands for further proceedings.

I.

{¶2}   In 2008, a jury found Estright guilty of theft from the elderly, a second-degree felony. The court sentenced her to two years in prison and ordered her to pay restitution in the amount of $47,219.30. Subsequently, Estright filed a motion for judicial release, and the court granted her motion. The court suspended the remainder of her prison sentence and placed her on five years of community control. As a condition of her community control, the court ordered Estright to make full restitution to the victim, Estright's mother, by submitting payments through the Adult Probation Department.

{¶3} In 2011, Estright was charged with violating the terms of her community control for nonpayment of her court-ordered restitution. The court set the matter for hearing and ordered Estright to make monthly payments of $350 towards her restitution obligation. Following the hearing, the court dismissed the community control violation charge and ordered its previous community control violation orders to remain in full force and effect.

{¶4} In 2014, Estright was once again charged with violating the terms of her community control for nonpayment of her court-ordered restitution. Following a hearing, the court found her guilty of violating the terms of her community control and ordered her to serve the remainder of her original prison sentence. Additionally, the court ordered Estright to pay the balance of the restitution she owed "based upon [her] present and future ability to pay."

{¶5} Estright now appeals from the court's judgment and raises two assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

MS. ESTRIGHT'S CONVICTION FOR VIOLATING HER COMMUNITY CONTROL FOR INABILITY TO PAY HER FINANCIAL OBLIGATIONS WAS IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

{¶6} In her first assignment of error, Estright argues that the trial court violated her Fourteenth Amendment rights when it found her guilty of a community control violation and ordered her to serve the remainder of her prison term. Because she was financially unable to make her court-ordered payments, Estright argues, she did not willfully violate the terms of her community control.

{¶7} When an offender violates the terms of his or her community control sanction, a trial court "may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender * * *." R.C. 2929.19(B)(4). If the violation stems from an offender's failure to pay restitution,

> a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke [community control] and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment. Only if alternate measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay.

*Bearden v. Georgia*, 461 U.S. 660, 672 (1983). "[A] trial court cannot deprive a probationer of 'conditional freedom' when 'through no fault of his own, he cannot pay [a] fine.'" *State v. Sheesley*, 9th Dist. Summit No. 27585, 2015-Ohio-4565, ¶ 5, quoting *Bearden* at 672. *Accord State v. Burgette*, 4th Dist. Athens No. 13CA50, 2014-Ohio-3483, ¶ 22; *State v. Dockery*, 187 Ohio App.3d 798, 2010-Ohio-2365, ¶ 15-16 (1st Dist.)

{¶8} The State only presented one witness at the hearing on Estright's community control violation. Anthony Rodgers, a senior probation officer, testified that he was assigned to oversee Estright's case when she was granted judicial release. He testified that, in six years, Estright had only paid $4,650 in restitution and currently owed $43,072. He testified that Estright met her $350 per month payment a few times, but was not consistent. There were some months that she paid far less than that amount and many others where she failed to submit a payment. Rodgers testified that when he spoke to Estright about her failure to satisfy her monthly payment obligation, she indicated that "she couldn't afford it." Estright informed Rodgers that "[s]he was getting some type of disability and, basically, she was going from house

to house as far as living and basically didn't have the money to pay." Rodgers also testified that, during the last conversation he had with Estright, she had indicated that she did not feel the need to continue to make restitution payments because the victim, her mother, had died. Rodgers testified that the restitution had to be paid to her mother's estate.

{¶9} The morning of the community control violation hearing, Estright filed a motion to modify her sentence so as to eliminate the portion related to restitution. She indicated that she had "a very limited income and * * * struggled trying [to] accomplish that portion of [her] sentence." She also argued that since her mother was deceased she was not sure who should be receiving the restitution. At the hearing, her attorney indicated that Estright was unable to pay her restitution at the rate she was ordered to pay because she had a limited income and "medical conditions." Further, Estright told the court that she intended to comply with its restitution order and had made "great efforts" to do so, but she was "just unable to make * * * any more a month."

{¶10} The trial court acknowledged that Estright had certain medical issues, but stated that "[t]here is money owed and * * * we have run out of options." The court found that it had given Estright "every possible opportunity that [it] could have given [her]," but that "there clearly [was] an amount of restitution that was not paid." Consequently, it concluded that she violated the terms of her community control and ordered her to serve the remainder of her prison sentence.

{¶11} The trial court did not consider whether it could extend the term of Estright's community control so as to allow her to continue making payments. *See Bearden*, 461 U.S. at 672. Additionally, it did not consider whether it could reduce her monthly payment obligation or order her to perform some form of community service in lieu of the fine. *See id.* To order

Estright's return to prison without considering the foregoing alternatives, the court first had to find that she had "willfully refused to pay or [had] failed to make sufficient bona fide efforts legally to acquire the resources to pay" her court-ordered restitution. *Id.* It is unclear to us, however, that the court made either of the foregoing findings.

{¶12} The court found that Estright failed to make her court-ordered payments. It did not find, however, that she intentionally chose not to pay restitution, despite having the means to do so. The court did not inquire as to Estright's monthly income or her ability to acquire the resources to pay her restitution. It also did not address her claim that she had made "great efforts" to comply with its order. There was evidence in the record that Estright received disability, such that she had a low monthly income. She told her probation officer that she simply could not afford to make her restitution payments. Likewise, Estright represented to the court that her financial difficulties were the reason that she had not complied with its order. The trial court did not indicate that it found Estright's credibility lacking due to other evidence that had emerged at the hearing. To the contrary, the court waived all of the court costs and probation fees that had accrued against Estright so that all that remained was the restitution. It appears that the court imposed the remainder of Estright's prison term upon her simply because so much time had passed and she still had not paid her restitution.

{¶13} Once Estright proffered an explanation for her failure to pay restitution, the court had to inquire as to her ability to pay it and consider the reasons she offered for her failure to pay, including the effect her mother's death had on her failure to pay. *See State v. Williams*, 2d Dist. Greene No. 2007-CA-28, 2008-Ohio-2385, ¶ 42. If the court determined that Estright had made a bona fide effort to pay restitution, then it had to "consider alternate measures of punishment other than imprisonment." *Bearden* at 672. The court could only order Estright to

serve the remainder of her prison term if it determined that she failed to pay restitution and either (1) she did so willfully or intentionally by not making a bona fide effort, or (2) despite her bona fide efforts, an alternative means of punishment would not be "adequate to meet the State's interests in punishment and deterrence." *Id.* Because the record does not reflect that the court performed the analysis and made the findings required by *Bearden*, we must remand this matter for the court "to hold an evidentiary hearing in accordance with *Bearden*." *Burgette*, 2014-Ohio-3483, at ¶ 25. *Accord Dockery*, 2010-Ohio-2365, at ¶ 17-18. At that hearing, Estright also may raise the issue of what effect, if any, the deceased victim's passing and the closing of her estate have on Estright's obligation to continue paying restitution. Estright's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND SECTION 10 ARTICLE I OF THE OHIO CONSTITUTION.

{¶14} In her second assignment of error, Estright argues that she received ineffective assistance of trial counsel. She argues that, in preparing her defense, her trial counsel failed to investigate the deceased victim's probate records. Estright claims that the records show that the victim's estate has been closed, such that it would be impossible for her to continue to pay restitution to the victim or to her estate. She argues that, had trial counsel presented that evidence to the trial court, the court would have found the restitution issue moot.

{¶15} As set forth above, this matter must be remanded for further hearing on Estright's ability to pay restitution. Because Estright may raise the issue of the victim's passing and the closing of her estate at that hearing, her second assignment of error is not yet ripe for our review.

As such, we decline to address it. *See State v. Michnay*, 9th Dist. Summit No. 27570, 2015-Ohio-2021, ¶ 7.

III.

**{¶16}** Estright's first assignment of error is sustained. This Court declines to address her second assignment of error, as it is not yet ripe for consideration. The judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,<br>and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
SCHAFER, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

JASON D. WALLACE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.