[Cite as *State v. McDaniel*, 2019-Ohio-4996.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 18AP-875 |
| v. | : | (C.P.C. No. 15CR-2928) |
| Cynthia McDaniel, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 5, 2019

**On brief**: *Dave Yost*, Attorney General, *Anna L. Haffner*, and *Glenn P. Willer*, for appellee. **Argued**: *Anna L. Haffner*.

**On brief**: *Yeura Venters*, Public Defender, *George M. Schumann*, and *Ian J. Jones*, for appellant. **Argued**: *Ian J. Jones*.

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, Cynthia McDaniel, from a judgment of the Franklin County Court of Common Pleas revoking appellant's community control and sentencing her to a 90-day prison term.

{¶ 2} On June 16, 2015, appellant was indicted on one count of grand theft, in violation of R.C. 2913.02(A)(3), and one count of Medicaid fraud, in violation of R.C. 2913.40(B), both felonies of the fourth degree. On July 11, 2017, appellant entered a guilty plea to the lesser-included offense of count two, Medicaid fraud, in violation of R.C. 2913.40, a felony of the fifth degree.

{¶ 3} By judgment entry filed July 13, 2017, the trial court imposed a sentence of five years community control. The court also ordered appellant to pay restitution in the

amount of $53,886.19, including a minimum payment of $50 per month for the first year of community control, and a payment of $75 per month for the remaining four years.

{¶ 4} On August 1, 2018, a probation officer filed a request for revocation of community control, alleging violations by appellant for failure to obtain employment and failure to make restitution payments. The trial court scheduled a revocation hearing for September 20, 2018, but counsel for appellant indicated appellant was unable to obtain transportation from Cleveland to attend the hearing. Counsel for appellant requested a continuance, representing that appellant "said she could save up enough money to come down here by * * * October." (Continuance Hearing at 2.) The trial court granted the request for a continuance.

{¶ 5} On October 18, 2018, the trial court conducted a hearing in which appellant stipulated to the violations. During that hearing, counsel for appellant argued the following with respect to mitigation:

> Judge, Ms. McDaniel, to be perfectly honest, she's really struggling. She was unable to make the last court date because she was coming down from Cleveland and did not have transportation. She called me last night late evening and again this morning at 7:30 to let me know again she was having trouble with transportation but would do her best to make it down here. She finally did make it down here, fortunately. I think that's indicative of her financial struggles. * * * I mean, these are situations where the defendant is struggling to get by, tries to get by a little easier, and makes incredibly bad decisions to do so. But it does not change the fact that she is still struggling financially, health-wise, and she's coming from a great distance.
>
> Judge, I would ask the court to just consider taking this opportunity to just admonish Ms. McDaniel that she does have an obligation to the court; that she does make the effort to get that paid; that she is facing prison time if she does not. But at this time, Judge, I would ask the court to give Ms. McDaniel a warning that these are very serious obligations that she has, and continue probation.

(Resentencing Tr. at 3.)

{¶ 6} The trial court then engaged in the following colloquy with appellant:

> THE COURT: * * * Ms. McDaniel, this is your opportunity to make a statement. Would you like to say anything?

THE DEFENDANT: The reason why I couldn't pay is because I was really looking for a job but nobody would hire me. And I got sick and went blind in one eye. I suffer from depression and chronic pain. I did try to make some payments. I'm on disability now. I made a $20 payment. I made a $20 payment. I mean, because I don't have a job and I'm sick now. I'm totally blind in my right eye, and I'm going blind in my left eye, and that's on the record.

THE COURT: Have you got Medicaid? Medical insurance?

THE DEFENDANT: No. I'm trying to get it now. I had it, but they cut me off.

* * *

THE DEFENDANT: I'm on a fixed income. I only get $750 a month. I pay $600 for rent. I've been trying to move because I can't afford it. After I pay my rent, * * * I got $150 left. I'm trying to pay my light bill. I'm trying to move - - nobody will let me move because of my record - - to something cheaper.

(Resentencing Tr. at 4-5.)

{¶ 7} Following the above exchange, the trial court stated on the record: "Because of her medical condition, I'm not going to put her in the county jail. I'm going to put her in prison. She's going to prison for 90 days, which is the maximum that I could send her under TCAP." (Resentencing Tr. at 5-6.) On October 19, 2018, the trial court filed a revocation entry, imposing a sentence of 90 days incarceration at the Ohio Department of Rehabilitation and Correction. The trial court further entered a stay of the prison sentence pending appeal.

{¶ 8} On appeal, appellant sets forth the following assignment of error for this court's review:

> The trial court erred when it sentenced appellant to prison for failure to pay restitution, as appellant was indigent and unable to make payments on her restitution and nothing in the record suggests her failure to pay restitution was willful or intentional.

{¶ 9} Under her single assignment of error, appellant asserts the trial court erred in sentencing her to prison for failure to pay restitution. Appellant maintains the evidence at the revocation hearing indicated she is indigent and suffers severe medical issues,

including blindness in one eye, chronic pain, and depression. Appellant argues the trial court accepted her medical condition but then erred by revoking her probation for failure to pay or obtain employment in the absence of any finding by the court that her failure to pay was willful or intentional.

{¶ 10} Under Ohio law, "[a] trial court may impose restitution as a condition of probation," and it is generally "within the trial court's discretion to revoke probation where the probationer has failed to make restitution." *State v. Conway,* 10th Dist. No. 05AP-358, 2006-Ohio-288, ¶ 11. However, "when a claim is made that the revocation of community control and imposing a prison term violates constitutional rights, the analysis becomes a question of law" in which de novo review is applicable. *State v. Burgette,* 4th Dist. No. 13CA50, 2014-Ohio-3483, ¶ 10. If a trial court revokes community control for non-payment of financial obligations imposed as part of that community control, "the Fourteenth Amendment to the United States Constitution is implicated as provided in *Bearden v. Georgia,* 461 U.S. 660, * * * (1983)." *State v. Rudin,* 1st Dist. No. C-110747, 2012-Ohio-2643, ¶ 8.

{¶ 11} In *Bearden,* the United States Supreme Court considered whether it was constitutionally permissible for a court to revoke an indigent defendant's probation and order him to serve the remaining portion of the probationary period in prison because of his failure to pay a fine and restitution, holding in part:

> [I]n revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment. Only if alternative measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.

*Id.* at 672-73.

{¶ 12} Ohio courts, applying the above principles in *Bearden*, have held that a trial court, before revoking community control and re-imposing a suspended prison sentence, is "required to not only inquire into the reasons for his failure to make full restitution payments, but also find that he had ' "willfully refused to pay or [had] failed to make sufficient bona fide efforts legally to acquire the resources to pay" ' restitution." *State v. Conte,* 9th Dist. No. 28868, 2018-Ohio-4688, ¶ 12, quoting *State v. Estright,* 9th Dist. No. 27598, 2016-Ohio-1194, ¶ 11, quoting *Bearden* at 672. *See also State v. Richardson,* 2d Dist. No. 21113, 2006-Ohio-4015, ¶ 25 ("a trial court may not properly revoke a defendant's probation for failure to pay a fine or make restitution absent evidence and findings that defendant was somehow responsible for the failure or that alternative forms of punishment were inadequate to meet the State's interest in punishment and deterrence"); *State v. Breckenridge*, 10th Dist. No. 10AP-652, 2011-Ohio-1493, ¶ 12 ("a court cannot revoke community control for failure to pay restitution where there is no evidence that the defendant had the ability to pay the restitution" but, rather, "[i]n those instances, there must be evidence that the failure to pay or to obtain employment was willful or intentional").

{¶ 13} In the present case, the state did not present evidence at the revocation hearing as to whether appellant's failure to pay was willful or intentional,[1] or whether she had made bona fide efforts to acquire the resources to pay. Rather, the only evidence as to appellant's income or financial responsibilities came in the form of her statements to the court that she is on fixed income, receives $750 per month in disability benefits, and has $150 remaining after her rent obligation. With respect to the issue of employment, appellant stated to the court that no one would hire her, that she was blind in one eye, has loss of sight in the other, and suffers from depression and chronic pain. While the trial court found appellant had not made restitution payments, the court made no specific inquiry or finding, supported by evidence in the record, that appellant's failure to pay was willful or that she failed to make a bona fide effort to pay prior to revoking community control and imposing a prison sentence.

{¶ 14} Here, the trial court could only order appellant to serve a prison term if it determined "she failed to pay restitution and either (1) she did so willfully or intentionally

---

[1] We note the prosecutor "defer[red] to the court" with respect to sentencing. (Resentencing Tr. at 5.)

by not making a bona fide effort, or (2) despite her bona fide efforts, an alternative means of punishment would not be 'adequate to meet the State's interests in punishment and deterrence.' " *Estright* at ¶ 13, quoting *Bearden* at 672.[2]  This court has held that "[f]acts sufficient to establish the degree of willfulness required to support revocation must be developed in the record." *State v. Hudson,* 10th Dist. No. 00AP-236 (Nov. 14, 2000).  As noted, appellant offered statements at the hearing, essentially uncontroverted, regarding her income and medical circumstances as relevant to whether she had the ability to pay restitution.  The trial court, in determining incarceration would be in "prison" as opposed to "the county jail," cited appellant's "medical condition."  (Resentencing Tr. at 5.)  The record, however, does not reflect a determination by the trial court that appellant's non-payment was willful or that she failed to make bona fide efforts to obtain the means to pay, nor does the record appear to disclose "sufficient evidence to make the findings required by *Bearden.*" *State v. Dockery*, 187 Ohio App.3d 798, 2010-Ohio-2365, ¶ 17 (1st Dist.).  *See also State v. Williams,* 2d Dist. No. 2007-CA-28, 2008-Ohio-2385, ¶ 42 (reversing and remanding revocation of defendant's community control where trial court, "having been proffered reasons for the failure to pay restitution," should have conducted inquiry into the reasons for non-payment under *Bearden*).

{¶ 15} Where the record is lacking with respect to the "analysis and findings required by *Bearden* and its progeny," a "reversal and remand is appropriate for the trial court to hold an evidentiary hearing in accordance with *Bearden.*" *Burgette* at ¶ 25.  *See also Estright* at ¶ 13 ("Because the record does not reflect that the court performed the analysis and made the findings required by *Bearden*, we must remand this matter for the court 'to hold an evidentiary hearing in accordance with *Bearden.*' ").

{¶ 16} We therefore sustain the assignment of error and remand this matter for the trial court to conduct a hearing, in accordance with the requirements of *Bearden*, for findings as to whether appellant's failure to pay "was willful or whether alternative forms of punishment are inadequate to meet the state's interest in punishment and deterrence." *Dockery* at ¶ 17.

---

[2] In *Estright* at ¶ 11, the court noted that alternative methods of punishment (other than imprisonment) include a consideration whether "it could extend the term of [the defendant's] community control so as to allow her to continue making payments," as well as a consideration whether "it could reduce her monthly payment obligation or order her to perform some form of community service in lieu of the fine."

{¶ 17} Based on the foregoing, appellant's single assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed and cause remanded.*

SADLER and BEATTY BLUNT, JJ., concur.

_____