[Cite as *State v. Conde*, 2021-Ohio-4222.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 20AP-485 |
| v. | : | (C.P.C. No. 15CR-2539) |
| James E. Conde, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 2, 2021

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Michael P. Walton*, for appellee. **Argued:** *Michael P. Walton.*

**On brief:** *Soroka and Associates, LLC, Roger Soroka*, and *Joshua Bedtelyon*, for appellant. **Argued:** *Joshua Bedtelyon.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} Defendant-appellant, James E. Conde, appeals the October 14, 2020 judgment of the Franklin County Court of Common Pleas revoking his community control and sentencing him to prison. For the following reasons, we reverse and remand.

**I. Facts and Procedural History**

{¶ 2} On August 27, 2015, appellant pled guilty to Count 2, theft in violation of R.C. 2913.02, a felony of the third degree, and Counts 3, 4, 5, and 6, all forgery in violation of R.C. 2913.31, felonies of the fifth degree. By judgment entry filed October 22, 2015, the trial court imposed a sentence of five years community control. As one of the conditions of community control, the court also ordered appellant to pay restitution in the amount of $248,831.

{¶ 3}   On July 6, 2020, a probation officer of the court filed a request for revocation of community control, alleging violations by appellant for failure to make restitution payments. The probation officer indicated the balance due on restitution was $246,971.   On October 14, 2020, the trial court held a hearing and filed an entry revoking probation and imposing a prison sentence.

## II. Assignment of Error

{¶ 4}   Appellant appeals and assigns the following sole assignment of error for our review:

> THE TRIAL COURT DENIED APPELLANT DUE PROCESS AND EQUAL PROTECTION OF LAW BY REVOKING HIS PROBATION DUE TO HIS FAILURE TO PAY HIS RESTITUTION IN FULL WITHOUT FIRST MAKING THE DETERMINATION THAT HE WILLFULLY DID NOT PAY.

## III. Analysis

{¶ 5}    Recently, in *State v. McDaniel*, 10th Dist. No. 18AP-875, 2019-Ohio-4996, this court held:

> Under Ohio law, "[a] trial court may impose restitution as a condition of probation," and it is generally "within the trial court's discretion to revoke probation where the probationer has failed to make restitution." *State v. Conway*, 10th Dist. No. 05AP-358, 2006-Ohio-288, ¶ 11. However, "when a claim is made that the revocation of community control and imposing a prison term violates constitutional rights, the analysis becomes a question of law" in which de novo review is applicable. *State v. Burgette*, 4th Dist. No. 13CA50, 2014-Ohio-3483, ¶ 10. If a trial court revokes community control for non-payment of financial obligations imposed as part of that community control, "the Fourteenth Amendment to the United States Constitution is implicated as provided in *Bearden v. Georgia*, 461 U.S. 660, * * * (1983)." *State v. Rudin*, 1st Dist. No. C-110747, 2012-Ohio-2643, ¶ 8.
>
> In *Bearden*, the United States Supreme Court considered whether it was constitutionally permissible for a court to revoke an indigent defendant's probation and order him to serve the remaining portion of the probationary period in prison because of his failure to pay a fine and restitution, holding in part:

[I]n revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment. Only if alternative measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.

*Id.* at 672-73.

Ohio courts, applying the above principles in *Bearden*, have held that a trial court, before revoking community control and re-imposing a suspended prison sentence, is "required to not only inquire into the reasons for his failure to make full restitution payments, but also find that he had ' "willfully refused to pay or [had] failed to make sufficient bona fide efforts legally to acquire the resources to pay" ' restitution."

* * *

Here, the trial court could only order appellant to serve a prison term if it determined "she failed to pay restitution and either (1) she did so willfully or intentionally by not making a bona fide effort, or (2) despite her bona fide efforts, an alternative means of punishment would not be 'adequate to meet the State's interests in punishment and deterrence.' " *Estright* at ¶ 13, quoting *Bearden* at 672. This court has held that "[f]acts sufficient to establish the degree of willfulness required to support revocation must be developed in the record." *State v. Hudson*, 10th Dist. No. 00AP-236 (Nov. 14, 2000).

Where the record is lacking with respect to the "analysis and findings required by Bearden and its progeny," a "reversal and remand is appropriate for the trial court to hold an evidentiary hearing in accordance with *Bearden*." *Burgette* at ¶ 25. *See*

*also Estright* at ¶ 13 ("Because the record does not reflect that the court performed the analysis and made the findings required by *Bearden,* we must remand this matter for the court 'to hold an evidentiary hearing in accordance with *Bearden.*' ").

(Fn. omitted.)  *Id.* at ¶ 10-15.

{¶ 6}  Here, the trial court held a resentencing hearing on October 14, 2020 pursuant to R.C. 2929.19.  At the hearing, appellant stipulated to the violations and presented evidence in mitigation.  The court revoked probation and imposed 24 months as to Count 2, 6 months as to Count 3, 6 months as to Count 4, 6 months as to Count 5, and 6 months as to Count 6.  The court ordered that Counts 2, 3, 4, 5, and 6 be served concurrently with each other for a total of 24 months in prison, with 90 days of jail-time credit certified to the Ohio Department of Rehabilitation and Correction.

{¶ 7}  Appellant argues that the trial court erred in imposing the sentence at the revocation hearing as it did not make any findings.  Plaintiff-appellee, State of Ohio, agrees and concedes as follows:

> The only problem in this case is that [the] trial court failed to make a finding either that 1) the failure to pay was willful or 2) despite a bona fide effort, an alternative means of punishment would not be adequate, given the State's interest in punishment and deterrence in this case. The State submits that either of those findings could be made based upon the record as it exists. However, a remand is necessary in order for the trial court to actually make its findings based upon the record. Accordingly, the State concedes error as to [appellant's] assignment of error and submits that this matter should be remanded with instructions to make the findings required by *McDaniel* before revoking [appellant's] community control.

(Appellee's Brief at 6.)

{¶ 8}  Accordingly, we sustain appellant's sole assignment of error and remand this matter to the trial court to conduct a hearing and make findings in accordance with the requirements of *Bearden.*

**IV. Conclusion**

{¶ 9}  Based on the foregoing, appellant's sole assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is

remanded to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed and cause remanded.*

LUPER SCHUSTER and JAMISON, JJ., concur.

———————————